RECEIVED

APR 1 8 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

06CV2160
JUDGE GUZMAN
MAGISTRATE SCHENKIER

UNITED STATES DI[
FOR THE NORTHERN DI[
EASTERN DI~~~~~

RAIMONDA HAMILTO[

    Plaintiff,

      vs.

THE HABITAT COMPANY OF ILLINOIS,
LLC., an Illinois Corporation; CYNTHIA
EVANS, Property Manager for the Pines of
Edgewater, Phase II; RUTHIE J. DAVIES,
Assistant Property Manager for the Pines of
Edgewater, Phase II,

    Defendants.

)
)
)  No.
)
)
)
)
)
)
)
)
)
)
)

**COMPLAINT**

NOW COMES THE PLAINTIFF, Raimonda Hamilton, and hereby complains against the Habitat

Company of Illinois, LLC, Cynthia Evans and Ruthie J. Davies, as follows:

I.    **INTRODUCTION**

1.    Plaintiff Raimonda Hamilton is a disabled individual who requires a motorized scooter to be mobile

    and an oxygen tank to breathe. For the last 14 years, she has lived alone in a two-bedroom unit

    in a federally subsidized development called the Pines of Edgewater, Phase II.

2.    Since 2005, Ms. Hamilton has been requesting that her landlord, the Habitat Company of Illinois,

    LLC, and its agents, allow her to have a live-in aide in her apartment, to assist her with the activities

    of daily life.

1

3.    In violation of the Fair Housing Act and Section 504 of the Rehabilitation Act, the Habitat Company of Illinois, LLC, and its agents, have refused to accommodate Ms. Hamilton's reasonable request to have a live-in aide so that she can remain in her apartment.

4.    Ms. Hamilton is requesting an order enjoining Defendants from denying her a live-in aide or from terminating Ms. Hamilton's lease or housing subsidy. Ms. Hamilton also requests that the Court enter a judgment for compensatory and punitive damages flowing from Defendants' violation of federal law.

## II.    JURISDICTION

5.    This case arises under the Fair Housing Act, 42 U.S.C. §§ 3604 and 3617, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. The subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 42 U.S.C. § 3613 (fair housing).

## III.   VENUE

6.    Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants reside in this judicial district and because the acts and events giving rise to the claims alleged herein occurred in this judicial district.

## IV.    PARTIES

### Plaintiff

7.    Plaintiff Raimonda Hamilton is a natural person who currently resides in unit 3E of 5946 N. Winthrop, Chicago, Illinois ("the apartment"). Ms. Hamilton has lived in the building at 5946 N.

2

Winthrop for approximately 14 years. Ms. Hamilton is physically disabled.

## Defendants

8. On information and belief, Defendant the Habitat Company of Illinois, LLC ("Habitat") an Illinois Corporation, owns and manages the building at 5946 N. Winthrop, Chicago, Illinois ("the building") in which Ms. Hamilton's apartment is located.

9. On information and belief, defendant Cynthia Evans is a natural person who is the Project Manager employed by Habitat to manage the building.

10. On information and belief, defendant Ruthie J. Davies is a natural person who is the Assistant Manager employed by Habitat to manage the building.

## V.   JURY DEMAND

11. Plaintiff demands a jury trial on all issues so triable.

## VI.   STATEMENT OF FACTS

12. The building at 5946 N. Winthrop, Chicago, Illinois is a multi-family housing development subsidized by the United States Department of Housing and Urban Development ("HUD"). The building is part of a larger subsidized complex known as the Pines of Edgewater.

13. On information and belief, the building is federally subsidized under the Section 8 Substantial Rehabilitation loan program. *See* 24 C.F.R. Part 881.

14. Ms. Hamilton has lived alone in a two-bedroom apartment in the building for the last 14 years.

15. Because the building is federally subsidized, Ms. Hamilton's rent is set at approximately one-third her monthly income, which translates to a rent payment of $69.00 per month.

3

16.   Ms. Hamilton has been found to be disabled by the Social Security Administration and is currently receiving Supplemental Security Income.

17.   Ms. Hamilton suffers from sickle cell anemia and asthma, among other disabling conditions.

18.   Because of her disabilities, Ms. Hamilton requires dialysis three times a week.

19.   Ms. Hamilton's disabilities also impede her mobility, requiring her to use a motorized scooter.

20.   Ms. Hamilton's disabilities also require her to use an oxygen tank to aid her breathing. She takes an oxygen tank with her on her scooter when she leaves her apartment.

21.   On June 1, 2004, Ms. Hamilton's doctor, Stanley G. Schade, M.D., of the University of Illinois Medical Center, sent Habitat a letter stating that Ms. Hamilton's condition necessitated that she have a 24-hour live-in aide.

22.   In February of 2005, Ms. Hamilton requested from Defendants that Tiffany White, Ms. Hamilton's niece, be permitted to reside in Ms. Hamilton's apartment as her 24-hour live-in aide.

23.   On March 4, 2005, in a letter signed by Defendant Ruthie J. Davis, Ms. Hamilton was informed that Defendant Cynthia Evans had denied Ms. Hamilton's request to permit Ms. Tiffany White to serve as Ms. Hamilton's 24 hour care-giver. *See* March 4, 2005 letter attached as Exhibit A.

24.   The March 4, 2005 letter does not provide any reason for the denial.

25.   Before tendering the March 4, 2005 letter to Ms. Hamilton, Ruthie Davis told Ms. Hamilton that Tiffany Ware was rejected as a live-in aide because she had poor credit.

26.   The March 4, 2005 letter directed Ms. Hamilton to move to a one-bedroom apartment or be billed "market rate" rent of $1025.00 per month.

27.   The March 4, 2005 letter also stated: "Please know that medical conditions or reasons will not hinder this transfer procedure."

4

28.  In April of 2005, Ms. Hamilton contacted Ruthie Davis and requested that Raimonda Ware, Ms. Hamilton's cousin, be allowed to reside in her apartment as her 24-hour care giver.

29.  On April 21, 2005, Christa Cottrell, a law student at the Legal Assistance Foundation of Metropolitan Chicago, faxed to Defendant Cynthia Evans a letter requesting that Ms. Ware be allowed to reside in Ms. Hamilton's unit as a live-in aide as a reasonable accommodation pursuant to section 3604(f) of the Fair Housing Act. 42 U.S.C. § 3604(f). This letter included a copy of the June 1, 2004 letter from Ms. Hamilton's doctor indicating that Ms. Hamilton required a 24-hour live-in aide. *See* April 21, 2005 letter, attached as Exhibit B.

30.  On June 2, 2005, Defendant Ruthie J. Davies sent Ms. Hamilton a letter rejecting her request to allow Ms. Ware to serve as Ms. Hamilton's 24-hour live-in aide. This letter, like the previous one, does not state a reason for the denial, although the letter seems to indicate that some information was obtained from CrimCheck America, Inc. *See* June 2, 2005 letter, attached as Exhibit C.

31.  On August 10, 2005, Ms. Hamilton's treating physician wrote another letter indicating that because of her disabilities Ms. Hamilton needed a 24-hour live-in aide. *See* August 10, 2005 letter, attached as Exhibit D.

32.  Ms. Hamilton tendered this letter to Ruthie Davis shortly after receiving it from the treating physician.

33.  On February 6, 2006, Defendant Ruthie J. Davies sent Ms. Hamilton another letter again threatening to charge Ms. Hamilton "market rent" of $1,025.00 if she did not move to a one-bedroom apartment. *See* February 6, 2006 letter attached as Exhibit E.

34.  On March 20, 2006, Ms. Hamilton filed a Fair Housing Complaint with the U.S. Department of Housing and Urban Development's Fair Housing and Equal Opportunity Office.

5

35.     On March 20, 2006, Ruthie Davis issued a notice indicating that she was raising Ms. Hamilton's
        rent to "market rate" as of April 1, 2006. *See* March 20, 2006 letter, attached as Exhibit F.

36.     On April 13, 2006, a security guard employed at Pines of Edgewater served Ms. Hamilton with
        a notice of lease termination for her failure to pay $1,170.00. *See* April 12, 2006 Notice, attached
        as Exhibit G.

## VII.     STATEMENT OF LAW

37.     HUD's Section 8 Substantial Rehabilitation program is governed by the federal statue and
        regulations codified at 42 U.S.C. § 1437f(b) and 24 C.F.R. Part 881.

38.     Pursuant to the terms of this rental-assistance program, Ms. Hamilton's rent is set at 30% of her
        monthly adjusted income. 42 U.S.C. § 1437a(a)(1).

### *Live-in Aides*

39.     Live-in aides "essential to [the residents] care or well-being" are specifically permitted in federally
        subsidized housing by the United States Housing Act. 42 U.S.C. § 1437a(b)(3)(B).

40.     HUD has further defined a live-in aide as "a person who resides with one or more elderly persons,
        or near-elderly persons, or persons with disabilities, and who:

        (1) Is determined to be essential to the care and well-being of the persons;
        (2) Is not obligated for the support of the persons; and
        (3) Would not be living in the unit except to provide the necessary supportive services."

        24 C.F.R. § 5.403.

41.     The income of a live-in aide is excluded from the calculation of the family's income. 24 C.F.R. §
        5.609(c)(5).

6

## Fair Housing Act

42.     The Fair Housing Act (42 U.S.C. § 3601 *et seq.*) makes it unlawful "[t]o discriminate in the sale

        or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of

        a handicap."  42 U.S.C. § 3604(f).

43.     Discrimination includes "a refusal to make reasonable accommodations in rules, policies, practices,

        or services, when such accommodations may be necessary to afford such person equal opportunity

        to use and enjoy a dwelling."  42 U.S.C. § 3604(f)(3)(B).

44.     A handicap is defined as "(1) a physical or mental impairment which substantially limits one or more

        of such person's major life activities, (2) a record of having such an impairment, or (3) being

        regarded as having such an impairment."  42 U.S.C. § 3602(h).

45.     HUD regulations promulgated under the Fair Housing Act provide that: "It shall be unlawful for any

        person to refuse to make reasonable accommodations in rules, policies, practices, or services,

        when such accommodations may be necessary to afford a handicapped person equal opportunity

        to use and enjoy a dwelling unit, including public and common use areas."  24 C.F.R. § 100.204(a)

46.     In a Joint Statement of the Department of Housing and Urban Development and the Department

        of Justice, the Federal Government has clarified that knowledge that an individual receives

        Supplemental Security Income is sufficient proof that an individual is handicapped under the Fair

        Housing Act.

47.     The Fair Housing Act also makes it "unlawful to coerce, intimidate, threaten, or interfere with any

        person in the exercise or enjoyment of, or on account of his having exercised or enjoyed . . . any

        right granted or protected by [the Fair Housing Act]."  42 U.S.C. § 3617.

*Section 504 of the Rehabilitation Act*

48.     Section 504 of the Rehabilitation Act ("Section 504") provides that "[n]o otherwise qualified

        individual with a disability . . . shall, solely by reason of his or her disability, be excluded from the

        participation in, be denied benefits of, or be subjected to discrimination under any program or

        activity receiving Federal financial assistance . . . ." 29 U.S.C. § 794(a).

49.     For the purposes of Section 504, "the term 'program or activity' means all of the operations of .

        . . an entire corporation . . . which is principally engaged in the business of providing

        . . . housing . . . ." 29 U.S.C. § 794(b)(3)(A)(ii).

50.     The term "disability" means "a physical or mental impairment that substantially limits one or more

        major life activities." 29 U.S.C. § 705(9)(B).

*HUD Handbook*

51.     HUD's Handbook, Occupancy Requirements of Subsidized Multi-family Housing Programs, sets

        forth the following principles regarding reasonable accommodation under the Fair Housing Act and

        Section 504.

        A.     When a family member requires an accessible feature(s), policy modification, or other
               reasonable accommodation to accommodate a disability, the owner must provide the
               requested accommodation unless doing so would result in a fundamental alteration in the
               nature of the program or an undue financial and administrative burden. A fundamental
               alteration is a modification that is so significant that it alters the essential nature of the
               provider's operations.

        B.     If providing such accommodation(s) would result in an undue financial and administrative
               burden, the owner must take any other action that would not result in an undue burden.
               See Section 2-46 B.

        C.     If a provider refuses a requested accommodation because it is not reasonable, the provider
               should engage in an interactive dialogue with the requester to determine if there is an
               alternative accommodation that would adequately address the requester's disability-related
               needs. If an alternative accommodation would meet the individuals needs and is

reasonable, the provider must grant it.

D.      Under both Section 504 and the Fair Housing Act, a tenant or applicant for housing makes a reasonable accommodation request whenever he or she makes it clear to the housing provider that a request is being made for an exception, change, or adjustment to a rule, policy, practice, service, or physical structure because of his or her disability. A request can be made by the person with the disability, a family member, or someone else acting on the individual's behalf.

E.      Although a request can be made orally or in writing, it is usually helpful for both the individual with the disability and the housing provider if the request is reduced to writing. If the individual with a disability requires assistance in providing a written reasonable accommodation request, the housing provider should assist the individual with a disability with this request.

F.      Providers have an obligation to provide prompt responses to reasonable accommodations requests.

HUD Handbook 4350.3, "Occupancy Requirements of Subsidized Multifamily Housing Programs," chapter 2-40.

52.     The HUD Handbook requires that notices rejecting an accommodation be in writing, specifically state the reason for the rejection, and inform the applicant of the right to discuss the rejection with the owner. HUD Handbook 4350.3, 4-9(C) at p. 4-24.


## VIII.   CLAIMS FOR RELIEF

### COUNT I

### Fair Housing Act
### Rejection of Tiffany White
### 42 U.S.C. § 3604(f)

53.     Plaintiff re-alleges paragraphs 1-52 of this Complaint and incorporates them herein.

54.     Plaintiff is an aggrieved person under 42 U.S.C. § 3602(i).

55.     Defendants violated the Fair Housing Act when they denied Ms. Hamilton's request for a

reasonable accommodation by refusing to allow Tiffany White to serve as Ms. Hamilton's live-in aide.

56.     The conduct of Defendants constitutes an actionable discriminatory housing practice in violation of the Fair Housing Act, 42 U.S.C. § 3604(f).

57.     As a direct and proximate result of Defendants' acts alleged herein, Plaintiff has suffered and continues to suffer damages.

## COUNT II

### Fair Housing Act
### Rejection of Raimonda Ware
### 42 U.S.C. § 3604(f)

58.     Plaintiff re-alleges paragraphs 1-52 of this Complaint and incorporates them herein.

59.     Plaintiff is an aggrieved person under Section 802(i) of the Fair Housing Act, 42 U.S.C. § 3602(i).

60.     Defendants violated the Fair Housing Act when they denied Ms. Hamilton's request for a reasonable accommodation by refusing to allow Raimonda Ware to serve as Ms. Hamilton's live-in aide.

61.     The conduct of Defendants constitutes an actionable discriminatory housing practice in violation of the Fair Housing Act, 42 U.S.C. § 3604(f).

62.     As a direct and proximate result of Defendants' acts alleged herein, Plaintiff has suffered and continues to suffer damages.

10

## COUNT III

### Fair Housing Act
### Intimidation Claim
### 42 U.S.C. § 3617

63.   Plaintiff re-alleges paragraphs 1-52 of this Complaint and incorporates them herein.

64.   Plaintiff is an aggrieved person under Section 802(i) of the Fair Housing Act, 42 U.S.C.

      § 3602(i).

65.   In serving Plaintiff with a notice of lease termination, Defendants violated the Fair Housing Act by

      interfering, coercing, and intimidating Plaintiff for exercising her rights under the Fair Housing Act.

66.   The conduct of Defendants constitutes an actionable discriminatory housing practice in violation

      of the Fair Housing Act, 42 U.S.C. § 3617.

67.   As a direct and proximate result of Defendants' acts alleged herein, Plaintiff has suffered and

      continues to suffer damages.

## COUNT IV

### Section 504 of the Rehabilitation Act
### 29 U.S.C. § 794(a)

68.   Plaintiff re-alleges paragraphs 1-52 of this Complaint and incorporates them herein.

69.   Habitat is a corporation principally engaged in the business of providing housing.

70.   Habitat receives federal financial assistance to administer the housing occupied by Ms. Hamilton.

71.   Plaintiff is disabled, as that term is defined in Section 504.

72.   By refusing to accommodate Plaintiff and allow her a live-in aide, and by seeking to evict Plaintiff

      for her continued efforts to maintain a unit sufficiently large to allow a live-in aide, Habitat is

      excluding Plaintiff from participation in a federally subsidized housing program because of her

disability.

## IX.   **RELIEF REQUESTED**

WHEREFORE, Plaintiff prays that this Court:

A.   Declare that the actions and omissions of Defendants, as set forth above, violate the Fair Housing Act and its implementing regulations, and the Rehabilitation Act and its implementing regulations;

B.   Enter a preliminary and permanent injunction enjoining Defendants from (1) refusing to allow Plaintiff to include Tiffany White or Raimonda Ware as a live-in aide in her two-bedroom apartment, (2) charging her rent in an amount that exceeds 30% of her adjusted income as provided for under the Section 8 Substantial Rehabilitation program and (3) commencing forcible entry and detainer proceedings against Plaintiff;

C.   Enter a judgement against Defendants, jointly and severally, for compensatory and punitive damages that Plaintiff has suffered as a direct and proximate result of Defendants' violations of the Fair Housing Act and Rehabilitation Act, as described in Counts I, II, and III.

D.   Enter an order that Plaintiff shall not be required to post bond as security for the issuance of a temporary restraining order or preliminary injunction; and

D.   Grant Plaintiff such further relief as this Court deems just and proper.

Dated: April, 18, 2006.

Respectfully submitted,

One of the Attorneys for Plaintiff

Richard Wheelock
Charles R. Petrof
Legal Assistance Foundation
 of Metropolitan Chicago
111 W. Jackson, 3d Floor
Chicago, IL 60604
312-341-1070

13



**The Pines
of Edgewater**

March 4, 2005

Raimonda Hamilton
5946 N. Winthrop, #3N
Chicago, IL  60660

**RE: UNDERUTILIZING UNIT**

Dear Ms. Hamilton:

I have received a decision about Tiffany L. White's application for live-in-aide from the property manager, Cynthia Evans, the application has been denied.

Therefore, you are still considered to be **UNDERUTILIZING** the three bedroom apartment you now occupy. YOU MUST TRANSFER TO A ONE-BEDROOM APARTMENT WITHIN 30 DAYS TO AVOID YOUR RENT BEING INCREASED TO THE MARKET RATE.  Please know that medical conditions or reasons will not hinder this transfer procedure.

We currently have a unit at **5950 N. WINTHROP-#1S/1 Bedroom**. You must inform me within <u>48 hours</u> if you would like to view the apartment by returning the attached form. You will then have 30 days to transfer to the new unit. An inspection of your current unit must be done.

If you refuse to transfer to 5950 N. Winthrop, #1S and remain in your present unit, your rent will be increased to the Market Rate of $1025.00 effective May 1, 2005.

If you should have any questions, please feel free to contact me at (773) 728-5009.

Sincerely,

THE PINE OF EDGEWATER

Ruthie J. Davies, AHM
Assistant Property Manager
Phrase II

Attachment



PLAINTIFF'S
EXHIBIT
A



**LEGAL ASSISTANCE FOUNDATION
OF METROPOLITAN CHICAGO**

111 West Jackson Boulevard
Suite 300
Chicago, Illinois 60604-3502
312.341.1070 Phone
312.341.1041 Fax
312.431.1206 TDD
www.lafchicago.org

April 21, 2005

Ms. Cynthia Evans
The Pines of Edgewater
5439 North Kenmore
Chicago, Illinois 60640

RE:          <u>**Raimonda Hamilton**</u>

Dear Ms. Evans,

I am writing on behalf of Raimonda Hamilton regarding a notice she recently received claiming that she is underutilizing her unit and that she must either transfer into a smaller unit or pay the market rental price.

Admittedly, Ms. Hamilton was living by herself in her two-bedroom unit. However, as you know, Ms. Hamilton's medical condition is quite serious. She suffers from several chronic ailments and her medical condition is so critical that she was even placed on "Lifeline", an emergency personal response service. The severity of Ms. Hamilton's illness has also made it so that she is completely unable to work and, consequently, her only source of income is her social security payment.

Recently, Ms. Hamilton's condition has worsened. I am enclosing a letter from Ms. Hamilton's primary physician, Dr. Stanley Schade, explaining that Ms. Hamilton has "special needs" and requires a caretaker 24 hours a day.

A relative of Ms. Hamilton's, Tiffany White, did apply for this position but she was denied without an adequate explanation. Because of this denial, Ms. Hamilton called the management office to request another one of Ms. Hamilton's relatives, Raimonda Ware, be added to her lease as her caretaker. She has not received a response from the management office regarding this request.

Please accept this letter as a formal request that Ms. Ware be added to Ms. Hamilton's lease as her caretaker. Pursuant to 42 U.S.C.A. §§ 3604, we are requesting that you accommodate Ms. Hamilton's medical needs by adding Raimonda Ware, as Ms. Hamilton's caretaker, to her lease. By making this formal request, we expect that there will be no increase in the amount of rent Ms. Hamilton owes as of May 1, 2005, since



PLAINTIFF'S
EXHIBIT
B

**LSC**

*Equal Access to Justice*

requesting this addition to her lease would result in Ms. Hamilton fully utilizing her unit. If this is not the case, please contact me immediately.

Thank you for your immediate attention to this matter. Please contact Elizabeth M. Zeiger or me, if you have any questions. I can be reached at 312-431-2129 and Ms. Zeiger can be reached at 312-347-8390.

Sincerely,

Christa Cottrell

cc:     Raimonda Hamilton

Encl.

JUN 27 '05 13:04 FR 125 TEXAS TERRACE 1       TO 17735616685       P.01/03



**The Pines**
**of Edgewater**

June 2, 2005

Raimonda Ware
2722 Louisiana Courts
St. Louis Park, MN  55426

**RE: Rejection Letter**

Dear Ms. Ware:

        We regret to inform you that your application for the residency at The Pines of
Edgewater has been rejected.  We are hereby informing you of certain information
pursuant to the Fair Credit Reporting Act, 15 U.S.C. Section 1681, et. Seq., as amended
by the Consumer Credit Reporting Reform Act of 1996 (Public Law 104-208, the
Omnibus Consolidated Appropriations Act for the Fiscal Year 1997, Title II, Subtitle D,
Chapter 1).

    2.  We have denied your application based on the following:

    ☐ Information contained in a consumer credit report obtained from the
       consumer credit reporting agency named in step 2 of this letter.
    ☐ Information obtained from the consumer credit reporting agency named
       in step 2 of this letter.
    ☐ A consumer credit report containing insufficient information obtained
       from  the consumer credit reporting agency named in paragraph 2 of this
       letter.
    ☐ Information received from a person or company other than a consumer
       reporting agency. You have a right to make a written request to us within
       60 days of receiving this letter for a disclosure of the nature of this
       information.

    2.  When a consumer report is used in making the decisions, Section 615(a) of the
    Fair Credit Reporting Act requires us to tell you where we obtained that report.
    The consumer reporting agency that provided the report was:



PLAINTIFF'S
EXHIBIT
C



5439 NORTH KENMORE AVENUE, CHICAGO, ILLINOIS 60640
773-728-5009  FAX 773-728-5335  TDD 773-728-2512     Management by THE HABITAT COMPANY  WWW.HABITAT.COM

JUN 27 '05 13:05 FR 125 TEXAS TERRACE 1          TO 17735616685          P.02/03



**The Pines
of Edgewater**

Credit Agencies/Bureaus:

☐ CBI/Equifax Credit Information Service, P.O. Box 740241, Atlanta, GA
   30374-2041. Phone: 1-800-685-1111

☐ Experian (TRW) Consumer Assistance, P.O. Box 949, Allen, TX 75002.
   Phone: 1-888-397-3742

☐ Trans Union Consumer Relations, P.O. Box 390, Springfield, PA 19064.
   Phone: 1-800-888-4213

Civil Records/Criminal records/Registry Scorex ™ :

☐ First American Registry, Inc.., Attn: Consumer Relations, 11140 Rockville
   Pike, PMB 1200, Rockville, MD. Phone: 1-888-333-2413.

☒ CrimCheck America, Inc., Attn: Consumer Relations, 11140 Rockville Pike,
   PMB 1200, Rockville, MD. Phone: 1-888-333-2413.

☐ ACE/First American Registry, Inc.., Attn: Consumer Relations, 11140
   Rockville Pike, PMB 1200, Rockville, MD. Phone 1-888-333-2413.

☐ Other:_____

   _____

3.  Pursuant to Section 615 of the Fair Credit Reporting Act, we are notifying you
    that the above-noted agency only provided information about your consumer
    history. It took no part in making the decision to reject your rental application,
    nor can it explain why the decision was made.

7.  You have certain rights under federal law, as explained in more detail in
    paragraphs 5-7 below. Pursuant to the Fair Credit Reporting Act, you have a
    right to obtain a copy of your consumer report, dispute its accuracy, and provide a
    consumer statement describing your position if you dispute the consumer report.
    If you believe your report is inaccurate or incomplete, you may call the consumer
    reporting agency at its toll-free number listed above, or write to it at the listed
    address. However, to respond to this letter, you must submit a request of appeal
    in writing by **June 20, 2005** to the property's Management Office. If there is a
    reversal of the decision, you will be considered for the next available desired
    apartment type.

8.  Pursuant to Section 612 of the Fair Credit Reporting Act, you have the right to
    obtain a free copy of your consumer report from the consumer reporting agency
    whose name is checked above. You must request the copy within 60 days of the
    date you receive this letter.



**The Pines
of Edgewater**

9. Pursuant to Section 611 of the Fair Credit Reporting Act, if you dispute any of the information in your report, you have the right to put into your report a consumer statement of up to 100 words explaining your position on the item under dispute. Trained personnel are available to help prepare consumer statements.

7. You may have additional rights under the credit reporting or consumer protection laws of your state. For further information, you can contact your state or local consumer protection agency or your state attorney general's office.

If you feel that the information upon which we based our disapproval of your application is incorrect, please contact our Management Office at 5439 N. Kenmore, telephone number (773)-728-5009. Your response must be submitted in writing by **JUNE 20, 2005**. This response will then be reviewed by the Property Manager.

Regardless of whether or not you decide to respond to this notice, you may still exercise other avenues of relief available to you if you believe that you have been Discriminated against on the basis of race, color, creed, religion, sex, national origin, age, familial status, ancestry, unfavorable military discharge, marital status, receipt of governmental assistance or handicap.

The Pines of Edgewater does not discriminate on the basis of handicapped status in the admission of access to or treatment or employment in its federally assisted programs and activities.

The person named below has been designated to coordinate compliance with the nondiscrimination requirements contained in the department of Housing and Urban Development's regulations implementing Section 504 (24 CFR Part 8 dated June 2, 1988).

Sincerely,

**THE PINES OF EDGEWATER**

Ruthie J. Davies, AHM®
Phase II

RJD

** TOTAL PAGE.03 **



**University** of
**Illinois**
**Medical Center**
at Chicago

Oncology Care Center (MC 821)
Outpatient Care Center
1801 West Taylor Street, 1E
Chicago, Illinois 60612
T 312-355-1625
F 312-355-1515

August 10, 2005

To whom it may concern

This letter is to inform you that Ms. Raimonda Hamilton is a patient of mine. Ms Hamilton has several chronic medical conditions, which are debilitating at times. Ms. Hamilton requires a wheelchair at most times and is constantly on medication. An addition Ms. Hamilton is required to use supplemental oxygen daily.

Ms. Hamilton lives independently, but needs to have a 24-hour a day caregiver to ameliorate the condition of her disability

Thank you for your assistance in this matter

Stanley G. Schade M.D

**PLAINTIFF'S EXHIBIT**

tabbies

312-503-8977



**The Pines
of Edgewater**

February 6, 2006

Raimonda Hamilton
5946 N. Winthrop, #3N
Chicago, Il 60660

Dear Ms. Hamilton:

You are UNDERUTILIZING the two-bedroom apartment you now occupy and as such it is required by HUD that you transfer to a smaller (one bedroom) apartment.

We currently have a unit at **5518 N. Winthrop, #705 /1 Bedroom.** You must inform me within 48 hours if you would like to view the apartment by returning the attached form. If you decide to view the apartment, you will then have 30 days to make a decision regarding transferring to the new unit. An appointment has been set for you to view the apartment on **Friday, February 10, 2006 at 3:00 p.m.** If this date is not convenient for you please call by Thursday, February 9, 2006 before 3:00 p.m and we will try to arrange another appointment to view the unit.

If you decide to take the unit the necessary steps will be taken. An inspection of your current unit must be done. You will be held financially responsible for any damages beyond the normal wear and tear (Example: excessive picture holes in the walls, dark paint on walls, etc.).

Once you are offered an apartment, your file is noted as such. If you do not transfer to this unit and decide to remain in your present unit, your rent will be increased to the market rate of **$1025.00**

If you should have any questions, please feel free to contact me at (773) 728-5009. Thank you for your immediate attention and response to this matter.

Sincerely,

THE PINE OF EDGEWATER

*Ruthie J. Davies*

Ruthie J. Davies, AHM®
Assistant Property Manager
Phrase II

Attachment



PLAINTIFF'S
EXHIBIT
E



**The Pines
of Edgewater**

March 30, 2006

Raimonda Hamilton
5946 N. Winthrop, #3W
Chicago, IL 60660

Dear Ms. Hamilton:

Your Market Rate lease and addendums forms are complete and ready for your signature.

Your new rent, effective  **April 1, 2006**, will be **$1025.00.**

Please come to the office **no later than** **Friday, March 31, 2006 at 10:00 a.m.** to sign your Market Rate lease and addendum forms.

Thank you in advance for your immediate attention in this matter.

Sincerely,

**THE PINES OF EDGEWATER**

Ruthie Davies, AHM®
Assistant Manager - Phase II

RJD



PLAINTIFF'S
EXHIBIT

 

# LANDLORD'S FIVE DAYS NOTICE

To **RAIMONDA HAMILTON** _____ and all occupants

You are hereby notified that there is now due the undersigned landlord the sum of _____

1,170 _____ **Dollars and** 0 _____ Cents,

being rent for the premises situated in the City of **CHICAGO** County of _____

and State of ILLINOIS, described as follows, to wit; 5946 N WINTHROP APT 3N CHICAGO IL 60640 APT: 01-463N

together with all buildings, closets, out-buildings and garages used in connection with said premises.

You are further notified that payment of said sum so due has been and hereby is demanded of you, and that unless payment thereof is made on or before the expiration of five days after service of this notice your occupancy of said premises will be terminated.

ONLY FULL PAYMENT of rent demanded in this notice will waive the landlord's right to terminate the lease under this notice, unless the landlord agrees in writing to continue the lease in exchange for receiving partial payment.

THE HABITAT COMPANY AS AGENT is hereby authorized to receive said rent so due, for the undersigned.

Dated this **12** day of **April** **2006**

IF A JUDICIAL PROCEEDING FOR EVICTION IS INSTITUTED, THE HABITAT COMPANY
YOU MAY PRESENT A DEFENSE.

**Landlord**

By _Arthur Davies_

**Agent or Attorney**

STATE OF ILLINOIS } SS.
COUNTY OF

AFFIDAVIT OF SERVICE---When served by a person not an officer.

_Alfred Guillen_ , being duly sworn, on oath deposes and

says that on the ___12___ day of ___April___, 06 he served the within notice
on the tenant named therein, as follows:*

(1) by delivering a copy thereof the within named tenant, _____

(2) by delivering a copy thereof to _____

a person above the age of twelve years, residing on or in charge of the within described premises.

(3) by sending a copy thereof to said tenant by** { certified   mail, with request for return receipt
{ registered   from the addressee.

(4) by posting a copy thereof on the main door of the within described premises, on one being
in actual possession thereof.

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies

that the statements set forth in this affidavit are true and correct.

Subscribed and sworn to before me this

_____ day of _____, _____ }

_signature_

* Strike out all paragraphs not applicable
** Strike out word not applicable

Notary Public

**PLAINTIFF'S EXHIBIT**
G